UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY C. STEPHENS,

        Petitioner

v.

SUPERINTENDENT, LAWRENCE MALHALLY, et al.,

        Defendants

CIVIL ACTION NO. 1:14-CV-00977

(KANE, J.)
(MEHALCHICK, M.J.)

**REPORT AND RECOMMENDATION**

    Petitioner, Jeffrey C. Stephens, filed a Petition for Writ of Habeas Corpus on May 21, 2014, pursuant to 28 U.S.C. § 2254. (Doc. 1). On July 10, 2014, this Court entered an Order dismissing this matter without prejudice for failure to requisite filing fee or file an application to proceed *in forma pauperis*. (Doc. 3). On the same day that the case was closed, the Court also received payment of the filing fee. (Doc. 4). Petitioner has no filed a motion for relief from judgment (Doc. 6) in which he seeks to have the case reopened, be given a date for the submission of a memorandum of law in support of his petition, have an evidentiary hearing scheduled, appoint counsel to assist with the same, conduct discovery, and any other relief deemed necessary and lawful by this Court. For the following reasons, it is recommended that Petitioner's motion be granted in part and denied in part.

A. <u>MOTION TO REOPEN THE CASE</u>

    Petitioner brings his request for relief pursuant to Rule 60(b)(2), (3), and/or (6). Rule 60 of the Federal Rules of Civil Procedure state that, on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60. The petition having been dismissed *without prejudice* for failure to pay the filing fee, and the fee having been paid, the undersigned finds that Petitioner's motion to reopen the case, and for relief from the judgment, is justified. As such, it is recommended that Petitioner's motion to reopen the case be **GRANTED**, and that the matter be remanded to the undersigned for further proceedings.

B. MOTION FOR DATE BY WHICH TO SUBMIT MEMORANDUM OF LAW

Petitioner's petition indicates that he is currently incarcerated at SCI Dallas, where he is serving a sentence of 98 months to 26 years. (Doc. 1, ¶ 5) for a conviction of IDSI, Aggravated Indecent Assault, Sexual Assault, and Simple Assault. (Doc. 1, ¶ 4). The Local Rules only require a memorandum of law to be filed in a petition for writ of habeas corpus in a death penalty case. *See* Local Rule 83.32.2(C) (requiring service of a memorandum of law within 60 days after the date of filing the petition). Petitioner's case is not a death penalty case. (Doc. 1). As such, no memorandum of law is required in support of his petition, and therefore it is receommended that Petitioner's request for a date by which to submit a memorandum of law in support of his petition be **DENIED**.

C. MOTION FOR EVIDENTIARY HEARING, APPOINTMENT OF COUNSEL AND DISCOVERY

As part of Petitioner's motion, he seeks an evidentiary hearing, appointment of counsel and for leave to conduct discovery. These motions are premature, and therefore it is

recommended that they be **DENIED WITHOUT PREJUDICE**. Should the Court adopt this Report & Recommendation, and remand the matter to the undersigned, the undersigned will examine it in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, which states as follows:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.
>
> Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Should this Court determine that the petition should go forward, a determination as to whether or not the petitioner shall be produced for a hearing will be held in abeyance pending the filing of the Respondent's answer or other pleading. Additionally, should the petition go forward, the Petition may seek appointment of counsel at that time if he chooses to do so. Likewise, if Petitioner feels discovery is necessary in support of his petition, he may seek the same from Respondents after this Court's screening of the petition.

Dated: August 11, 2014               *s/ Karoline Mehalchick*
                                             **KAROLINE MEHALCHICK**
                                             **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY C. STEPHENS,<br><br>　　　　Petitioner<br><br>v.<br><br>SUPERINTENDENT, LAWRENCE MALHALLY, et al.,<br><br>　　　　Defendants | CIVIL ACTION NO. 1:14-CV-00977<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 11, 2014**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: August 11, 2014　　　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**