IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY C. STEPHENS,** | : | |
| Petitioner | : | No. 14-cr-00977 |
| | : | |
| vs. | : | (Judge Kane) |
| | : | |
| **SUPERINTENDENT LAWRENCE** | : | |
| **MALHALLY, et al.,** | : | |
| Respondent | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On May 21, 2014, Petitioner Jeffrey C. Stephens filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  On July 10, 2014, the Court dismissed the petition without prejudice for failure to pay the filing fee or to otherwise file an application to proceed in forma pauperis.  (Doc. No. 3.)  On the same day that the case was closed, the Court also received payment of the proper filing fee.  (Doc. No. 4.)  Petitioner subsequently filed a motion for relief from judgment in which he moves the Court to: (1) reopen his case, (2) provide him a date for the submission of a memorandum of law in support of his petition, (3) schedule an evidentiary hearing, (4) appoint counsel, and (5) conduct discovery.  (Doc. No. 6.)

On August 11, 2014, Magistrate Judge Mehalchick issued a Report and Recommendation in which she recommends that the motion to reopen the case be granted, as Petitioner has paid the filing fee.  (Doc. No. 7.)  Magistrate Judge Mehalchick also recommends that to the extent Petitioner moves the Court for an evidentiary hearing, for appointment of counsel, and for leave to conduct discovery, his requests should be denied as premature.  (Id.)  Magistrate Judge Mehalchick further recommends that Petitioner's request for a date by which to submit a memorandum of law in support of his petition be denied, because the Local Rules require a

memorandum of law to be filed in a writ of habeas corpus only in a death penalty case.  (Id. (citing Local Rule 83.32.2(C)).)

On August 25, 2014, Petitioner filed a timely objection to the Report and Recommendation.  (Doc. No. 9.)  Specifically, Petitioner objects only to Magistrate Judge Mehalchick's recommendation that his request for a date to file a brief in support in his petition be denied.  (Id.)  Petitioner contends that such a memorandum is needed here in order to establish "needed facts" and "the lengthy history" of his allegations.  (Id.)

The Court observes that Petitioner has already included a lengthy memorandum of law along with his petition for a writ of habeas corpus.  (See Doc. No. 1 at 5-20.)  Nevertheless, the Court is cognizant of the deference shown to pro se litigants such as Petitioner, and although Magistrate Judge Mehalchick is correct that a brief is not required in a habeas corpus petition such as Petitioner's, the Court finds that the interests of justice would be served by granting his request and allowing him to file a further brief in support prior to consideration of his petition, as he requests.  Accordingly, the Court will sustain Petitioner's objection and will not adopt Magistrate Judge Mehalchick's recommendation that the Court deny Petitioner's request for a date by which to file a brief in support.  The Court will instead give Petitioner twenty days from the date of this order in which he may file a brief in support of his petition.

Regarding Magistrate Judge Mehalchick's recommendation that the Court re-open Petitioner's case pursuant to Federal Rule of Civil Procedure 60 because he properly paid the filing fee, the Court will adopt her recommendation and reopen the case.  As to Magistrate Judge Mehalchick's additional recommendations that Plaintiff's requests for discovery, counsel, and an evidentiary hearing be denied as premature, Petitioner does not object to these recommendations and the Court finds no error in Magistrate Judge Mehalchick's conclusions.  Accordingly, the

Court will also adopt these recommendations and Petitioner's requests for discovery, counsel, and an evidentiary hearing will be denied.

**ACCORDINGLY**, this 8th day of September 2014, **IT IS HEREBY ORDERED THAT** Magistrate Judge Mehalchick's Report and Recommendation (Doc. No. 7) is **ADOPTED IN PART** and Petitioner's motion for relief from judgment (Doc. No. 6) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Petitioner's case is **RE-OPENED** pursuant to Federal Rule of Civil Procedure 60;

2. Petitioner's requests for discovery, an evidentiary hearing, and to appoint counsel are **DENIED WITHOUT PREJUDICE**;

3. If he intends to do so, Petitioner has twenty days from the date of this order in which to file a brief in support of his petition; and

4. The case is remanded back to Magistrate Judge Mehalchick.

S/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania